UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Noella P. Turgeon,
Debtor.

Noella P. Turgeon,
Appellant,

v.

Federal Home Loan Mortgage Corporation, and Andrew M. Dudley, Chapter 13 Trustee,
Appellee.

Case No. 25-cv-0510-SM-TSM
Opinion No. 2026 DNH 112

**O R D E R**

Noella P. Turgeon is a Chapter 13 debtor appealing a November 24, 2025, order by the bankruptcy court that dismissed her petition and declined jurisdiction over all remaining matters. For the reasons discussed, the bankruptcy court's decision is affirmed.

## STANDARD OF REVIEW

Federal district courts have jurisdiction to decide appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a); In re Shove, 83 F.4th 102, 108 (1st Cir. 2023). The court reviews factual findings for clear error, legal conclusions de novo, and discretionary decisions for abuse of discretion. Id.; UMB Bank, N.A. v. MacMillin Co., LLC, 654 B.R. 824, 827 (D.N.H. 2023), appeal dismissed sub nom. In re

Prospect-Woodward Home, No. 23-2001, 2024 WL 2805540 (1st Cir. May 3, 2024); In re Hoover, 828 F.3d 5, 8 (1st Cir. 2016). "Under the clear error standard, [the court] defer[s] to the bankruptcy court's factual findings unless, on the whole of the record, [the court] form[s] a strong, unyielding belief that a mistake has been made." In re Montreal, Maine & Atl. Ry., Ltd., 956 F.3d 1, 6 (1st Cir. 2020) (internal quotation marks omitted). "Abuse of discretion occurs when the trial court ignores a material factor deserving significant weight, relies upon an improper factor, or assesses all proper and no improper factors, but makes a serious mistake in weighing them." Torres Lopez v. Consejo de Titulares del Condominio Carolina Ct. Apts. (In re Torres Lopez), 405 B.R. 24, 30 (B.A.P. 1st Cir. 2009).

## BACKGROUND

1. Debtor's Prior Bankruptcy Proceeding

Appellant/Debtor Turgeon filed a previous petition for bankruptcy in this district on June 3, 2024. Her Schedule E/F in the case listed claims held by Federal Home Loan Mortgage Corporation (FHLMC) and Santander Consumer USA Inc. Her Chapter 13 plan proposed treating FHLMC's mortgage claim of $288,146.45 as unsecured pending resolution of Turgeon's forthcoming adversary proceeding challenging FHLMC's securitization.

The Chapter 13 Trustee moved to dismiss on August 13, 2025, because, inter alia, Turgeon was in arrears on plan payments by over $5000; she failed to properly serve notice with respect to her Chapter 13 plan; and she had not resolved a purported claim dispute regarding FHLMC's mortgage on her property located at 28 Donati Drive, in Hooksett (which was, at that time, over $46,000 in arrears).

The bankruptcy court granted the Trustee's motion on October 4, 2024, and dismissed the case. At that point, Turgeon still had yet to file an adversary proceeding (or any other litigation) against FHLMC.

2. 2025 Bankruptcy Proceeding

On July 3, 2025, Turgeon again filed a voluntary petition for relief under Chapter 13 with the bankruptcy court. On July 18, 2025, Turgeon filed a Chapter 13 plan, which was noticed for hearing on September 12, 2025, along with other bankruptcy schedules and statements.[1] Turgeon's Schedule D listed FHLMC's claim as secured but disputed, and she did not list Santander's claim at all (although she later amended her Schedule E/F to reflect the claim).

---

1 The initial Chapter 13 plan provided for payments of $341.90/month for 60 months. Turgeon commenced making payments under that plan.

Santander and FHLMC filed objections to confirmation of the July 18 plan. Santander filed "Proof of Claim No. 1," asserting a $32,384.12 claim, secured by Turgeon's Honda Pilot. FHLMC filed "Proof of Claim No. 3," asserting a $318,908.70 mortgage claim against Turgeon's property at 28 Donati Drive, in Hooksett (now $82,105.36 in arrears).

On August 13, 2025, the Chapter 13 Trustee conducted the 11 U.S.C. § 341(a) meeting. The Trustee issued findings from that meeting on August 19, 2025, recommending against confirmation of the plan due to multiple issues. Those issues included Turgeon's failure to challenge the validity of either the Santander or FHLMC claim, despite asserting that she planned to do so. On August 28, 2025, the Trustee filed a motion to dismiss, arguing that dismissal was warranted since Turgeon had failed to move forward with her challenge to Santander's and FHLMC's claims. Nor had she amended her schedules to reflect her interest in the Hooksett property.

On September 9, 2025, Turgeon filed an amended Chapter 13 plan, noticed for a confirmation hearing on October 24, 2025 (the "Amended Plan"). Her Amended Plan provided for monthly plan payments of $945/month for 60 months. But, Turgeon's filing contained several omissions, and she failed to properly file a certificate of service. On September 10, 2025, the

bankruptcy court issued a Notice of Defective Amendment, along with an Amended Notice of Defective Amendment, explaining Turgeon's omissions and misfilings.

On September 12, 2025, the bankruptcy court declined to confirm Turgeon's amended plan, and continued the scheduled hearing on the Trustee's motion to dismiss until October 24, 2025. The court instructed Turgeon to serve a copy of the amended plan and a notice of confirmation hearing as required by the federal bankruptcy rules, "failing which," the court instructed, "the case may be dismissed." Bankruptcy Court Docket, Document No. 36. The bankruptcy court also directed Turgeon to file and serve a notice of hearing on her objection to the Santander proof of claim. The court wrote, "[f]ailure to comply may result in the Court denying the Objection without further notice or hearing."

On September 18, Turgeon filed a "Notice of Hearing" on her Amended Plan, and, on September 22, filed a second Notice of Hearing. Both of those notices were deficient. With respect to her Notice of Hearing on the Amended Plan, Turgeon failed to "provide notice of the hearing on Local Bankruptcy Form 31015-1B, per local rules"; had "erroneously set the hearing location as the Clerk's Office, and did not state a specific deadline for objections." Bankruptcy Court Docket, Document No. 47. The

court allowed Turgeon until September 29, 2025, to serve a Notice of Hearing on confirmation of the Amended Plan "in the form of LBF 3015-1B" for October 24, and to "file the notice of hearing and certificate regarding such service with the Court, failing which confirmation will be denied and the case may be dismissed." Id.

With respect to the September 22 Notice of Hearing filed by Turgeon, the Bankruptcy Court noted that the notice was "unclear on what matter Debtor is trying to notice for hearing," and surmised that Turgeon "may be attempting to comply with [the court's] September 12, 2025 Order Directing Debtor to Notice Objection for Hearing, which ordered Debtor to notice her September 12, 2025 claim objection for hearing on October 24, 2025." Bankruptcy Court Docket, Document No. 48. The court ordered Turgeon to "serve an amended notice of hearing on Local Bankruptcy Form 3007-1," and to "file such notice of hearing and certificate regarding service with the Court, failing which the Objection may be denied." Id.

On October 8, 2025, the bankruptcy court issued an order addressing the Santander claim. The court overruled Turgeon's objection to Santander's claim based, at least in part, on her "persistent failure to comply with [the] Court's Orders."

Bankruptcy Court Docket, Document No. 55. The court also noted Turgeon's several procedural missteps.

On October 16, Turgeon filed an objection to FHLMC's proof of claim, and, on October 23, she moved to vacate the court's October 8 order overruling her objection to Santander's claim, and to re-notice her objection to the claim.

At the October 24, 2025, hearing, the bankruptcy court observed that Turgeon had failed to properly notice and serve objections to her creditor's claims on several occasions. The court explained to Turgeon that if she failed to comply with the notice and service requirements mandated by bankruptcy court rules, a hearing date could not be scheduled. The court allowed Turgeon until October 31 and October 29, respectively, to <u>properly</u> notice her Motion to Vacate, and her Objection to Santander's claim.

The court then questioned Turgeon regarding her Objection to the Trustee's motion to dismiss. Specifically, the court asked Turgeon about her use of "false, hallucinated case citations" within her brief. The bankruptcy court explained to Turgeon that the citations she referenced and relied upon in her objection were inaccurate and misleading. Accordingly, her objection to the motion to dismiss would be stricken.

Turgeon protested that she had been trying to act in "good faith." The court responded: "it's not going well for you because items are not getting noticed, []proper forms are not getting used, and you're misleading the Court. So I really strongly urge you to get an attorney in this case and to go that route. If you continue to proceed pro se, we'll continue to monitor the case accordingly." Bankruptcy Court Docket, Document No. 74 at 8:1-6. The court then allowed Turgeon leave to file an amended objection to the Trustee's motion on or before November 7, 2005. The hearing on the Trustee's motion to dismiss was continued until November 21, 2025.

The bankruptcy court also denied confirmation of Turgeon's amended Chapter 13 Plan at the October 24 hearing. Turgeon requested two weeks to file a second amended plan to address Santander's claim. The bankruptcy court allowed Turgeon until November 14, 2025, to file a second amended plan, and told her that the second amended plan should be properly served on all creditors, along with notice of hearing on confirmation of the amended plan for December 19. The court warned Turgeon that if she did not comply with that deadline, the case could be dismissed.

Following the October 24 hearing, the court issued a written order the same day. The October 24 order (again)

instructed Turgeon to file an amended Chapter 13 plan, and to serve a copy of the amended plan and notice of hearing, along with a certificate of service filed with the court. The court's October 24 order (again) advised Turgeon that failure to comply could result in the case's dismissal. Bankruptcy Court Docket, Document No. 66.

Turgeon did not properly notice her Motion to Vacate or her Objection to Santander's claim by the deadlines the court had imposed. So, on November 4, 2025, the court issued an order denying both of those motions for that reason. And, instead of filing an amended Chapter 13 plan as she had been ordered, Turgeon filed an objection to FHLMC's proof of claim, an amended objection to Santander's proof of claim, and a motion for sanctions against FHLMC's attorneys. Then, on November 20, 2025, Turgeon initiated adversary proceedings against Santander and FHLMC.

At the November 21 hearing, the Trustee informed the bankruptcy court that (1) Turgeon's plan payments were delinquent, since she had not increased her payments to the amount specified in the September 9, 2025, plan;[2] and (2) despite

---

[2] As of the date of the November 21 hearing, Turgeon had made payments of $341.90 in August and September, 2025, and payments of $945 in October and November, 2025. Thus, pursuant to the Amended Plan (which required monthly payments of $945), the

the court's order on October 24, Turgeon had failed to properly file and serve her amended Chapter 13 plan. The court further observed that, despite being granted leave to do so, Turgeon had failed to file an objection to the Trustee's motion to dismiss. The court then stated that an order would be entered dismissing the case.

3. Bankruptcy Court's Dismissal Order

Following the hearing, as promised, the bankruptcy court issued an order that granted the Trustee's motion to dismiss, and dismissed the case.

The court explained that Turgeon had failed to file a second amended Chapter 13 plan by the deadline set by the court, and had instead filed a claim objection, a motion for sanctions, and two adversary proceedings. Turgeon had also failed to disclose her ownership of real property in her Schedule A. By failing to file a timely Chapter 13 plan as instructed, the court held, Turgeon had unreasonably delayed the case to the detriment of her creditors.

The bankruptcy court observed the absence of significant unsecured debt reflected in Turgeon's filings, specifically in

Trustee stated that Turgeon was delinquent in the amount of $1,206.20.

her claims register and schedules. That absence, the court wrote, "shows that the Debtor's case is not motivated by an effort to reorganize her financial affairs generally, but solely to litigate against FHLMC and Santander." Bankruptcy Court Docket, Document No. 84 at 7. Notwithstanding that apparent motivation, Turgeon delayed filing adversary proceedings against FHLMC or Santander for over four months, even though her prior bankruptcy case had been dismissed (at least in part) due to her failure to timely commence litigation against FHLMC.

The bankruptcy court observed that Turgeon had "ample notice, through the Prior Case and from admonitions by this Court and the Trustee, that she needed to both fulfill her obligations as a Chapter 13 debtor by filing accurate schedules and timely filing a confirmable plan, <u>and</u> to promptly file any litigation she wished to pursue against her secured creditors." Bankruptcy Court Docket, Document No. 84 at 7. Because Turgeon failed to comply with those obligations, the bankruptcy court dismissed the case, and declined jurisdiction over all remaining pending litigation.

**DISCUSSION**

In support of her appeal of the bankruptcy court's judgment, Turgeon argues that the bankruptcy court erred by dismissing the case pursuant to 11 U.S.C. § 1307(c) because the

statutory requirements for dismissal were not satisfied. She takes issue with the bankruptcy court's striking of her objection to the trustee's motion to dismiss, as well as the court's factual findings concerning her failure to make timely payments under the Chapter 13 plan. She says that those errors, in conjunction with the court's dismissal while claims objections remained pending, and the court's declination of jurisdiction and termination of the automatic stay, cumulatively require reversal of the bankruptcy court's dismissal.

Pursuant to 11 U.S.C. § 1307(c),"the bankruptcy court, after notice and a hearing," may "dismiss a chapter 13 case or convert the case to one under chapter 7 'for cause.'" In re Santiago, 671 B.R. 774, 780 (B.A.P. 1st Cir. 2025) (quoting 11 U.S.C. § 1307(c)). "The three principal requirements of dismissal under § 1307 are: (1) the request of a party in interest or the United States Trustee, (2) notice and a hearing, and (3) a showing of cause." In re Stevenson, 583 B.R. 573, 579 (B.A.P. 1st Cir. 2018) (quoting Minkes v. LaBarge (In re Minkes), 237 B.R. 476, 478 (8th Cir. B.A.P. 1999)) (cleaned up).

Neither party disputes that the first two requirements for dismissal under Section 1307(c) have been met. Thus, the only question before this court is whether "cause" existed for dismissal. Section 1307 does not specifically define cause, but

the "Bankruptcy Code lists eleven examples of cause justifying dismissal or conversion of a chapter 13 case." In re Santiago, 671 B.R. at 780. Those examples, which are not exhaustive, include a debtor's failure to file a timely plan, and delay by the debtor that is unreasonable and prejudicial to creditors, both circumstances which the bankruptcy court determined were present here.

1. Dismissal for Failure to File a Timely Plan

As the court explained in Taal v. St. Mary's Bank, No. 13-CV-194-PB, 2014 WL 130980, at *3 (D.N.H. Jan. 10, 2014):

> A bankruptcy court's dismissal for failure to file a confirmation plan is discretionary, and if "the bankruptcy court's conclusions supporting dismissal are supported by the facts there is no abusive discretion." In re Burgos, 476 B.R. 107, 111 (S.D.N.Y.2012) (citing In re Dudley, 273 B.R. 197, 199 (8th Cir. B.A.P. 2002)); see also Howard [v. Lexington Investments, Inc., 284 F.3d 320, 323 (1st Cir. 2002) (holding that it is "entirely appropriate" for a bankruptcy court to set and enforce a deadline for a debtor to file tax returns). A bankruptcy court "may issue any order, process, or judgment" that it deems necessary, and can "sua sponte, take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). . . . The First Circuit has noted that Chapter 13 allows a debtor many benefits over other bankruptcy proceedings, but "to obtain these benefits, Chapter 13 debtors are required to act swiftly. They must file a plan within 15 days of the petition, and must commence payments under the plan within 30 days. Failure to act in a timely manner is grounds for dismissal." Howard, 284 F.3d at 321 n. 1 (citations omitted).

2014 WL 130980, at *3 (emphases added)(cleaned up).

As set forth fully above, Turgeon was given multiple opportunities to properly file and serve her amended Chapter 13 plan. She was also instructed by the bankruptcy court on several occasions that a failure to timely (and properly) file and serve that amended plan could result in dismissal of the case.

A brief overview of the record makes the point. On September 12, 2025, the bankruptcy court told Turgeon to serve a copy of her amended plan and a notice of confirmation hearing as required by the federal bankruptcy rules, "failing which," the court instructed, "the case may be dismissed." Bankruptcy Court Docket, Document No. 36. Turgeon did not comply with the court's instruction. Instead, she filed a deficient Notice of Hearing on her amended plan on September 19. After explaining why the Notice was deficient, the court allowed Turgeon until September 29, 2025, to properly serve a Notice of Hearing on her amended plan, "failing which confirmation will be denied and the case may be dismissed." Bankruptcy Court Docket, Document No. 47.

Turgeon did re-file her Notice of Hearing on the amended Chapter 13 plan on September 29, but, when questioned in court during the hearing on October 24 about its status, she stated, "that is something I need to do. I want to prepare an amended

Chapter 13 to properly address Santander's claim." Bankruptcy Court Docket, Document No. 74 at 9:8-10. So, the court denied confirmation of the amended Chapter 13 plan, allowing Turgeon until November 14, to file a second amended plan. The court stated: "that requires you to file the amended plan and then it is your responsibility to serve that plan on all of your creditors, not just the plan, but notice of the hearing on confirmation of that plan for December 19," warning Turgeon "[i]f you don't do that, it's going to be struck again by the court." Bankruptcy Court Docket, Document No. 74 at 10:3-9. The contemporaneous order also instructed Turgeon to file an amended Chapter 13 plan by November 14, and advised Turgeon that failure to comply could result in the case's dismissal. Bankruptcy Court Docket, Document No. 66.

Thus, despite being given multiple opportunities to file and serve her amended Chapter 13 plan, and despite being repeatedly instructed that failure to do so could result in dismissal of her case, Turgeon failed to properly file and serve her Chapter 13 plan.

Turgeon argues that she was actively attempting to comply with the bankruptcy court's demands, had filed an amended plan, and that, while her efforts may have been procedurally imperfect, "[p]rocedural imperfection is not synonymous with

abandonment." Bankruptcy Court Docket, Document No. 11 at 6. She argues that those facts distinguish her case from those upon which the Trustee relies, Taal v. St. Mary's Bank, No. 13-CV-194-PB, 2014 WL 130980, at *3 (D.N.H. Jan. 10, 2014), and Howard v. Lexington Investments, Inc., 284 F.3d 320.

Turgeon's efforts to distinguish her case are not persuasive. Taal v. St. Mary's Bank is a strikingly similar case. In Taal, the district court upheld the bankruptcy court's dismissal of the debtor's Chapter 13 petition for failure to file an amended Chapter 13 plan. Like Turgeon, the debtor, "actively participated in [her] Chapter 13 proceedings, filing countless motions on [her] own behalf," and "had difficulties complying with bankruptcy court rules." Taal, 2014 WL 130980, at *1. And, like the bankruptcy court here, the bankruptcy court in Taal "appropriately set and enforced a deadline for timely filing an amended plan," and the debtor, like Turgeon, "was given explicit instructions – both in a court order and during the hearing preceding the order – that a failure to timely file a plan would lead to [the] case's dismissal." Taal v. St. Mary's Bank, No. 13-CV-194-PB, 2014 WL 130980, at *3 (D.N.H. Jan. 10, 2014). It simply cannot be said that the bankruptcy court abused its discretion under 11 U.S.C. §

1307(c)(3) when it dismissed Turgeon's case for failure to timely file an amended Chapter 13 plan.

2. Unreasonable Delay to the Detriment of Creditors

The bankruptcy court further determined that Turgeon had unreasonably delayed her case to the prejudice of her creditors. The court's determination was based not only on Turgeon's failure to file a second amended plan by the deadline, but also on Turgeon's inconsistent statements concerning her ownership of real property, and her seeming focus on secured creditor litigation, which, the court wrote, "shows that the Debtor's case is not motivated by an effort to reorganize her financial affairs generally, but solely to litigate against FHLMC and Santander." Bankruptcy Court Docket, Document No. 84 at 7. Despite that focus, and despite dismissal of her earlier bankruptcy case for failure to timely commence litigation against FHLMC, the court observed, Turgeon had failed to file adversary proceedings against either Santander or FHLMC for over four months.

Turgeon argues that the court's finding was in error because the only prejudice identified by the bankruptcy court was procedural timing; she was making payments under the amended plan; and her secured creditors retained their lien rights. None of those arguments are persuasive because "the most obvious

example of an unreasonable delay prejudicial to creditors is the unjustified failure to file a reasonable plan of reorganization in a timely fashion." In re Colón Martinez, 472 B.R. 137, 145 (1st Cir. BAP 2012) (citation omitted) (internal quotations omitted). Those circumstances are present here.

Even putting that aside, the bankruptcy court's determination finds support in In re Stevenson, 583 B.R. 573, 581 (B.A.P. 1st Cir. 2018). In that case, the Bankruptcy Appellate Panel determined that the bankruptcy court had not abused its discretion in dismissing the debtor's Chapter 13 case "for unreasonable delay that is prejudicial to creditors within the meaning of § 1307(c)(1)," where the record in that case suggested that the Chapter 13 filing "was motivated by or targeted at a single creditor." Id. at 581. And, like Turgeon, the debtor offered no justification for the delay. Id.

Because the record supports the bankruptcy court's finding, the court did not abuse its discretion in dismissing Turgeon's bankruptcy proceedings for unreasonable delay.

3. Denial of Due Process

Finally, Turgeon's argument, that she was denied due process because the court struck her objection to the Trustee's motion to dismiss, is also not persuasive.

First, Turgeon mistakes the record – contending that she was not afforded an opportunity to cure. That is not correct. After striking the objection, the bankruptcy court allowed Turgeon two weeks to file an amended objection. And, the bankruptcy court was well within its rights to strike Turgeon's objection, which, the court observed, contained "false, hallucinated case citations," that were "misleading . . . [to] the Court and other parties." Document No. 74 at 7:10-15. See 11 U.S.C. § 105(a) (bankruptcy courts may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."); see also In re Johnson, 236 B.R. 510, 521 (D.D.C. 1999) (explaining that "Section 105 specifically codifies what are traditionally called 'inherent powers' to give the Bankruptcy Courts the necessary ability to manage the cases on their docket. It is imperative that courts have the necessary authority to manage the arguments and conduct of parties to ensure judicial efficiency and to do justice."). The bankruptcy court even took the time to explain to Turgeon why the cases she had cited in her objection were misleading, clarifying for her that the cases she had cited either did not exist, were issued by a different court than the court Turgeon had cited, or simply did not stand for the propositions for which Turgeon had cited them. Bankruptcy Court Docket, Document No. 73:22-74:22.

Turgeon's due process argument further founders on the fact that she was allowed the opportunity to cure, the court granting her two weeks leave to file an amended objection to the Trustee's motion. But, Turgeon did not file an amended objection, and it is not entirely clear why she failed to do so. But, the law is clear: having failed to take advantage of her opportunity to be heard, Turgeon cannot now complain that she was denied sufficient process. See, e.g., Mercado-Alicea v. P.R. Tourism Co., 396 F.3d 46, 53 (1st Cir. 2005) (upholding district court's finding that "defendants did not violate [plaintiff's] due process rights when his inability to present his side of the story was due to his failure to participate.").

For these reasons, Turgeon's due process argument concerning her stricken objection is unavailing.

**CONCLUSION**

For the foregoing reasons, the decision of the bankruptcy court dismissing Turgeon's Chapter 13 petition is affirmed.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

August 26, 2026

cc: Noella P. Turgeon, pro se
Counsel of Record